

FILED

SEP 2 1 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1    UNITED STATES BANKRUPTCY COURT
2    EASTERN DISTRICT OF CALIFORNIA

4  In re:                          )   Case No. 04-28375-D-13L
                                   )   Docket Control No. NLE-3
5  KEVIN HEALY,                    )
                                   )
6                                  )
                Debtor.            )
7  _____)

## MEMORANDUM DECISION

Kevin M. Healy ("Healy"), who initiated the above-captioned chapter 13 bankruptcy case (the "Case"), has objected to the Final Report and Account (the "Report") filed by the chapter 13 trustee, Lawrence J. Loheit (the "Trustee").

For the reasons set forth below, the court will overrule Healy's objection to the Report.

### I. INTRODUCTION

The record in this case shows that on August 16, 2004, Healy filed a petition for relief under chapter 13, and that the case was dismissed by this court's order entered January 14, 2005.

Between August 16, 2004 and January 14, 2005, Healy's attorney of record in the Case was Peter G. Macaluso ("Macaluso"). The record also shows that Macaluso and Healy signed a copy of the Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys, which was filed on August 16, 2004. This document states that initial attorneys' fees to be charged in the Case were to be $4,000, with $500 having been paid before the filing of the chapter 13 petition, which is consistent with the Rule 2016(b) statement signed by Macaluso and filed in the Case on August 16, 2004. Both chapter 13 plans filed (but not

confirmed) in the Case state that Macaluso had opted to comply with this court's Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases (the "Guidelines").

On April 28, 2005, the Trustee filed the Report pursuant to 11 U.S.C. section 1302(b)(1). In the Report, the Trustee stated that he had received funds in the total amount of $960 in connection with the Case. He also stated that he had disbursed the sum of $710 to Macaluso for attorneys' fees and the sum of $250 to himself for trustee's fees and expenses.

On May 31, 2005, Healy filed his Notice of Objection to Disbursement of Attorneys Fees; Request for Hearing (the "Objection"). In the Objection, Healy objected to the Report, "to the extent that it allows any fees to attorney Peter G. Macaluso, Esq." On June 7, 2005, the Trustee filed a Response to the Objection, and the matter was set for hearing on August 2, 2005. Before the August 2 hearing, Macaluso filed a response to the Objection, and Healy filed a reply thereto.

At the August 2 hearing, the court continued the hearing and set a schedule for further briefing, under which Healy's final reply was due no later than September 5, 2005. No party filed a separate statement of disputed material factual issues, meaning that pursuant to Local Bankruptcy Rule 9014-1(f)(ii), consent was given to resolution of disputed factual issues pursuant to Federal Rule of Civil Procedure 43(e). Also, pursuant to Local Bankruptcy Rule 9014-1(f)(iii), the evidentiary record closed on

/ / /

/ / /

/ / /

September 5, 2005.[1]  A final hearing was conducted on September 20, 2005 at 11:30 a.m., to permit oral argument to be presented.

## II. ANALYSIS

Paragraph 4(c) of General Order 03-03, which applies to the Case, provides that where, as here, an attorney elects to comply with the Guidelines, compensation shall be determined according to the Guidelines.  Paragraph 6 of the Guidelines provides that where, as here, a case is dismissed before confirmation of a plan, "absent a contrary order, the trustee shall pay to the [debtor's] attorney to the extent funds are available an administrative claim equal to 50% of the total fee the debtor agreed to pay less any pre-petition retainer."

Healy agreed to pay Macaluso $4,000 for services in the Case, with $500 having been paid pre-petition.  No order was entered in the Case providing that attorneys' fees would not be paid to Macaluso.  As a result, once the Case was dismissed, the Trustee was required under General Order 03-03 and the Guidelines to pay as much as $1,500 to Macaluso on account of attorneys' fees in the Case.  The Trustee paid $710 to Macaluso.  Healy objects solely to that disbursement, and not to the funds paid to the Trustee for his fees and expenses or to the Trustee's statement that $960 was received during the Case.

/ / /

---

1. Without objection by Macaluso, the court has considered Healy's Reply to 8/29/2005 Response of Peter Macaluso, Etc. ("Final Reply"), although it was filed Sept. 6, 2005, a day later than required by the court's scheduling of this matter.  The court has also considered Macaluso's Errata filed Sept. 6, 2005, given Healy's statement in the Final Reply (at 7:9-10) of no objection to that filing.

1    The docket in the Case shows that the following matters,
2 among others, arose in the Case: (a) Objections to confirmation
3 of the Chapter 13 Plan filed August 16, 2004 (Docket Control Nos.
4 NLE-1 and HSM-1); (b) Motion for Relief from Stay filed by
5 creditor M. Cynthia Rose (Docket Control No. SJF-1); (c) Motion
6 for Modification of Stay filed by creditor Charles E. Bauer
7 (Docket Control No. HSM-1 (second such number)); (d) the
8 Trustee's motion to convert or dismiss the Case (Docket Control
9 No. NLE-2). The billing statements submitted by Macaluso[2]
10 indicate that attorney time was spent on the matters listed
11 above, including time spent at court appearances. The billing
12 statements also indicate that attorney time was spent drafting
13 various documents filed with the court and in communicating with
14 Healy and others.

15    In the Objection, and in the other documents filed by Healy,
16 there is no objection to any specific line-items billed by
17 Macaluso, except that Macaluso allegedly billed $194 for the
18 chapter 13 filing fee when it had been paid by Healy. Final
19 Reply at 9:6-17. Instead, among other things, Healy alleges that
20 Macaluso provided poor-quality services, committed acts of
21 professional malpractice, and committed acts in violation of
22 ethical standards. Macaluso has denied those allegations.

23    In reviewing the Report, however, the court need not and
24 will not make any findings or determinations regarding the
25 allegations raised by Healy. The court finds only that the
26 amount disbursed by the Trustee to Macaluso on account of the

---

28   2. The Response filed by Macaluso on August 29, 2005 included a summary of services and a billing statement for the Case.

services provided in the case, $710, is reasonable compensation for those services, given the time expended by Macaluso and given the circumstances of the Case. This finding takes into consideration the $194 filing fee allegedly billed incorrectly by Macaluso. Based on this finding, the court will approve the Report.

    The court will issue an order consistent with this memorandum.

Dated: September 21, 2005

                                    ROBERT S. BARDWIL
                                    United States Bankruptcy Judge

**Certificate of Service**

    I certify that on September 21, 2005 a copy of the foregoing document was mailed to the following:

Kevin Healy
1405 G Street
Sacramento, CA 95814

Peter Macaluso
910 Florin Road, #111
Sacramento, CA 95831-5259

Lawrence Loheit
Chapter 13 Trustee
P.O. Box 1858
Sacramento, CA 95812-1858

Paul Pascuzzi
Felderstein Fitzgerald
  Willoughby & Pascuzzi
400 Capitol Mall, #1450
Sacramento, CA 95814


FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT


BY: *Andrea Lovgren*