

FILED

DEC 1 8 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                              )   Case No. 04-28375-D-13L
                                    )   Docket Control No. KMH-1
KEVIN HEALY,                        )
                                    )   Date:  November 28, 2006
                                    )   Time:  2:00 p.m.
                    Debtor.         )   Dept:  D
_____)

<u>**MEMORANDUM DECISION**</u>

On November 8, 2006, Kevin M. Healy (the "Debtor") filed a Motion Re: Judicial Disqualification (the "Motion") to request the disqualification of the undersigned bankruptcy judge.

For the reasons set forth below, the Motion will be denied.

<u>I. INTRODUCTION</u>

The record in this case indicates that on August 16, 2004, the Debtor filed a petition for chapter 13 relief. At that time, the Debtor was represented by Peter Macaluso ("Counsel").[1] The case was initially assigned to Department "A" of this court, the Honorable Michael McManus presiding. Lawrence Loheit (the "Trustee") was designated as the chapter 13 trustee for the Debtor's case.

On October 30, 2004, after two objections to confirmation and a relief-from-stay motion had been filed in the Debtor's case, the case was reassigned to the Honorable Thomas Holman. Judge Holman heard these matters, and, on January 5, 2005, Judge Holman also heard the Trustee's motion to dismiss the Debtor's chapter 13 case. The court granted the Trustee's motion, and on

_____

1. As of Dec. 15, 2006, the court's docket continues to indicate that Mr. Macaluso is the Debtor's attorney of record in this case.

155

January 14, 2005 entered an order, signed by Judge Holman, that dismissed the case.

On April 28, 2005, the Trustee filed his Final Report and Account (the "Report") for the Debtor's case. The Trustee reported the disposition of the sum of $960 that had been paid by the Debtor into his chapter 13 plan before the case was dismissed. According to the Report, $710 had been paid to Counsel and $250 had been paid to the Trustee as compensation to each party for services in the Debtor's case.

On May 31, 2005, the Debtor filed a Notice of Objection to Disbursement of Attorney Fees; Request for Hearing (the "Objection"). The Objection went solely to the disbursement of the $710 to Counsel, as set forth in the Report. In response to the Objection, the Trustee set the matter for a hearing on August 2, 2005. Meanwhile, on July 6, 2005, the undersigned was assigned as the judge in the Debtor's case, in place of Judge Holman.

At the August 2, 2005 hearing, the court set a briefing schedule for the Objection, and the parties thereafter filed pleadings in support of their respective positions. Although Counsel initially filed pleadings in regard to the Objection, attorney Paul J. Pascuzzi, of Felderstein Fitzgerald Willoughby & Pascuzzi LLP (the "Felderstein Firm"), appeared on Counsel's behalf in papers filed on August 29, 2005.

After oral argument at the hearing on September 20, 2005, the court took the matter of the Objection under submission. The court later filed a Memorandum Decision, and entered an order on September 21, 2005 (the "Order") overruling the Objection.

- 2 -

1  On September 30, 2005, the Debtor filed a Notice of Appeal
2  in regard to the Order.  On September 22, 2006, this court
3  received from the Bankruptcy Appellate Panel of the Ninth Circuit
4  ("Panel") a memorandum disposition of the Debtor's appeal, and on
5  October 11, 2006, this court received a copy of the Panel's
6  judgment that vacated the Order and remanded the matter for
7  further proceedings consistent with the Panel's memorandum.

8  On September 28, 2006, Counsel filed with this court a
9  motion to set procedures on remand.  On November 14, 2006, the
10 Debtor filed opposition to Counsel's motion to set procedures.
11 The hearing on Counsel's motion has been continued so that the
12 Debtor's request for disqualification can be resolved first.

13 As noted above, the Debtor also filed the Motion, on
14 November 8, 2006, about one month after Counsel requested
15 scheduling of the Objection on remand.  In the Motion, the Debtor
16 requests that the undersigned be disqualified "from this matter,"
17 without describing specifically the matter from which the
18 undersigned's disqualification is sought.  The chapter 13 case
19 has been dismissed, and the only pending matters on the docket
20 are (a) the Objection and (b) the Motion (which will be resolved
21 by way of the order described in this Memorandum).  Given that
22 the Objection is the only matter likely to require resolution in
23 any event, the court will simply construe the Motion to request
24 the undersigned's disqualification from the Debtor's case.

25                        II. ANALYSIS

26 This court has jurisdiction over the Motion pursuant to 28
27 U.S.C. sections 1334 and 157(b)(1).  The Motion is a core
28 / / /

- 3 -

1  proceeding under 28 U.S.C. section (b)(2)(A) & (0); <u>In re Betts</u>,

2  143 B.R. 1016, 1018 (Bankr. N.D. Ill. 1992).

3      "A bankruptcy judge shall be governed by 28 U.S.C. § 455,

4  and disqualified from presiding over the proceeding or contested

5  matter in which the disqualifying circumstances arises, or, if

6  appropriate, shall be disqualified from presiding over the case."

7  Fed. R. Bankr. P. 5004(a).  Lacking any procedure for reference

8  of the matter to another judge, motions to disqualify are heard

9  by the judge sitting in the case.  <u>In re Bernard</u>, 31 F.3d 842,

10 843 (9th Cir. 1994).

11     Section 455 of Title 28 provides in part as follows:

12     (a) Any justice, judge, or magistrate of the United
       States shall disqualify himself in any proceeding in
13     which his impartiality might reasonably be questioned.

14     (b) He shall also disqualify himself in the following
       circumstances:

15

16         (1) Where he has a personal bias or prejudice
           concerning a party, or personal knowledge of
           disputed evidentiary facts concerning the
17         proceeding.

18                          * * *

19         (4) He knows that he . . . has a financial
           interest in the subject matter in controversy or
20         in a party to the proceeding, or any other
           interest that could be substantially affected by
21         the outcome of the proceeding.

22     The disqualification statute was comprehensively revised in

23 1974, to provide for disqualification not only where a judge

24 holds a personal bias or prejudice, but also to spell out a list

25 (not fully reproduced above) of various interests and

26 relationships that require the judge to disqualify himself from

27 hearing a proceeding; such interests and relationships were only

28 generally stated in the prior statutory language.  <u>Liteky v.</u>

                          - 4 -

1  <u>United States</u>, 510 U.S. 540, 546-48 (1994).  Section 455(a) was

2  added to include objective, "catch-all" grounds for

3  disqualification, in addition to the earlier "interest or

4  relationship" grounds and "bias or prejudice" grounds, which are

5  now specifically stated and set forth in the various subsections

6  making up § 455(b).  <u>Liteky</u>, 510 U.S. at 548.  Under § 455(a),

7  "[the standard for recusal is clearly objective: 'whether a

8  reasonable person with knowledge of all of the facts would

9  conclude that the judge's impartiality might reasonably be

10  questioned'."  <u>In re Georgetown Park Apts., Ltd.</u>, 143 B.R. 557,

11  559 (B.A.P. 9th Cir. 1992), quoting <u>United States v. Nelson</u>, 718

12  F.2d 315, 321 (9th Cir. 1983) (other citations omitted).

13      The Code of Conduct for United States Judges (the "Code of

14  Conduct") mirrors the provisions of 28 U.S.C. § 455.  The Code

15  of Conduct requires that "every judicial officer must satisfy

16  himself that he is actually unbiased towards the parties in each

17  case and that his impartiality is not reasonably subject to

18  question."  <u>Bernard</u>, 31 F.3d at 843.  Under this standard, the

19  judge must not only be subjectively confident that he is

20  unbiased; it is also objectively necessary that "an informed,

21  rational, objective observer would not doubt his impartiality."

22  <u>Id</u>. at 844, citing <u>United States v. Winston</u>, 613 F.2d 221, 222

23  (9th Cir. 1980).  However, "to say that § 455(a) requires concern

24  for appearances is not to say that it requires concern for

25  mirages."  <u>United States v. El-Gabrowny</u>, 844 F. Supp. 955, 961

26  (S.D.N.Y. 1994).  As such, recusal must be based on factors in

27  the record and in the law.  <u>Id</u>. at 962.

28  / / /

Cases applying recusal statutes apply a presumption of
impartiality.  E.g. In re Larson, 43 F.3d 410, 414 (8th Cir.
1994) (judge presumed impartial; parties seeking recusal bear
"substantial burden" of proving otherwise); First Interstate Bank
v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir. 2000)
("Judicial impartiality is presumed"); In re Spirtos, 298 B.R.
425, 431 (Bankr. C.D. Cal. 2003) ("A judge is presumed to be
qualified to hear a matter and the burden is upon the moving
party to prove otherwise").

In addition, "Judges have an obligation to litigants and
their colleagues not to remove themselves needlessly . . .
because a change of umpire in mid-contest may require a great
deal of work to be redone . . . and facilitate judge-shopping."
In re Betts, 143 B.R. 1016, 1020 (Bankr. N.D. Ill. 1992), quoting
In re National Union Fire Ins. Co., 839 F.2d 1226, 1229 (7th Cir.
1988) (omitting citation); see also In re Computer Dynamics,
Inc., 253 B.R. 693, 698 (E.D. Va. 2000) (judge equally obligated
not to remove himself when there is no necessity and to do so
when there is), aff'd 10 F. App'x 141 (4th Cir. 2001).

Finally, in the Ninth Circuit, recusal issues must be raised
"at the earliest possible time" after facts supporting a recusal
request are discovered.  First Interstate, 210 F.3d at 988 n.8
(citations omitted); see also Spirtos, 298 B.R. at 434
(discussing Ninth Circuit cases requiring prompt filing of
recusal motion to prevent wasted resources and judge-shopping);
but see In re Cooke, 160 B.R. 701, 705 (Bankr. D. Conn. 1993)
(even untimely challenge to partiality should be addressed).
/ / /

1    In the Motion, the Debtor advances three grounds for
2  disqualification, each of which is discussed below.   In
3  opposition, Counsel argues generally that the Debtor has failed
4  to demonstrate grounds for disqualification.[2]

5    The Debtor's first ground for disqualification is the
6  following: "at the time of the September 2005 oral argument [on
7  the Objection], [Judge Bardwil] reportedly had and was continuing
8  to have undisclosed business dealings with either Mr. Pascuzzi or
9  other partners in [the Felderstein Firm]."  Motion at 2.  In the
10  Motion, these "business dealings" are alleged to be based on the
11  undersigned's participation as a panelist for a continuing legal
12  education course in October 2005, for which Mr. Felderstein, a
13  partner or shareholder in the Felderstein Firm, also participated
14  as a panelist.

15    At oral argument, the Debtor acknowledged that the Motion is
16  supported by no evidence of a business relationship between the
17  undersigned and any member of the Felderstein Firm, which might
18  provide a basis for disqualification under 28 U.S.C. § 455(b)(4).
19  There is in fact no such relationship.  Rather, the Debtor argues
20  that an appearance of impropriety exists because:
21  / / /

22

23    2.   Counsel also argues that the Motion should be denied as
untimely under a four-part test described in Spirtos, 298 B.R. at
24  434.  This court, during the time the Debtor's appeal was pending,
retained jurisdiction of the Debtor's bankruptcy case and any
25  proceeding therein other than the Objection (and thus the Debtor
could have requested the undersigned's disqualification from the case
26  earlier).  But the Motion was nonetheless timely due to satisfaction
of the test.  Because the Debtor's case has been dismissed, recusal
27  at this stage would not require use of a great deal of judicial
resources, since for a new judge few issues would remain; and the
28  Debtor's reason for the delay, that he did not know the outcome of
his appeal, is reasonable and shows good cause.

> there is a public record (advertisements) that the
> judge and the attorneys are still working together
> outside of court dealing with this subject of
> bankruptcy and for financial gain -- especially when
> the Court does not disclose this fact before hearing
> [t]he matter.

Motion at 3-4.

It is common knowledge, of course, that judges regularly appear on panels and at presentations for members of the bar, and that such events are regularly advertised in various publications that might be viewed by both the public and the bar.  But it is not reasonable to conclude that the participation of a judge with members of the bar who appear before the judge's court would create a predisposition, or an appearance of a predisposition, to favor the members of the bar who participate over those who do not.  The Debtor's assertion of an appearance of impropriety is undermined by Canon 4 of the Code of Conduct, which not only permits judges to participate in such activities, but encourages judges to do so.  See Code of Conduct for U.S. Judges, Commentary to Canon 4 (2002) (participation encouraged so that judicial officers might contribute to the improvement of the law).  By itself, then, the undersigned's participation in the educational program is not sufficient to create a reasonable question of the undersigned's impartiality.

The second ground advanced by the Debtor for disqualification is that the undersigned ruled against the Debtor on the Objection and that the ruling was later reversed by the Panel.  The cases, however, are uniform that a "judge's adverse rulings in the course of a judicial proceeding almost never constitute a valid basis for disqualification based on bias or

1  partiality."   12 James Wm. Moore, <u>Moore's Fed. Practice</u> §

2  63.21[4], at 63-39 (3d. ed. 2006) (citing cases); <u>see also</u>

3  <u>Liteky</u>, 510 U.S. at 554-55 ("[J]udicial rulings alone almost

4  never constitute a valid basis for a bias or partiality motion").

5  For adverse rulings to form a basis for disqualification, there

6  must be a "pervasive bias" that is derived from an extrajudicial

7  source.   12 Moore, <u>supra</u> § 63.21[5]; <u>Liteky</u>, 510 U.S. at 550-55

8  (applying "extrajudicial source" doctrine arising under 28 U.S.C.

9  § 144 and its predecessor to revised 28 U.S.C. § 455(a)).

10      In this case, the Debtor offers no evidence of pervasive

11  bias from an extrajudicial source.   Instead, he points only to

12  the prior ruling adverse to the Debtor, without any evidence to

13  support a contention of bias.   As such, the Debtor cannot prevail

14  on the undersigned's prior adverse ruling as grounds for

15  disqualification.

16      The third ground advanced by the Debtor for disqualification

17  consists of statements allegedly made to him by Counsel and/or

18  Mr. Pascuzzi.   In his declaration, the Debtor states as follows:

19          [T]hey commented that [the Debtor] should do his
            "research" . . . about the work that [Counsel]'s
20          attorneys do with Judge Bardwil.   They laughed and
            stated that I should have done my homework before the
21          oral argument of the motion and that I didn't have a
            chance.
22
            [Counsel]'s comment (in front of Mr. Pascuzzi --
23          whom [sic] did not correct him) was:   "You're a small
            fish in a big pond, and only WE get to swim with the
24          Sharks - - you'd better drop this before you're eaten
            alive."
25
        Motion at 5-6 (Declaration of Debtor).
26

27      Counsel, in his declaration in support of his opposition to

28  the Motion, testifies that he "has no recollection" of making the

- 9 -

statements the Debtor attributes to him.  The undersigned is troubled by Counsel's failure to directly confirm or deny making these statements, or even to provide an alternative account of what exchange, if any, occurred between the parties at the time. Without Counsel's recollection having been provided, the court takes the Debtor's testimony at face value for the purpose of deciding the Motion.

From the alleged statements of Counsel, the Debtor asks the court to infer an attempt by Counsel "to intimidate [the Debtor] and throw around" his alleged influence with the undersigned. Counsel's alleged statements, however, can be interpreted in many ways.  A reasonable reading of the statements attributed to Counsel (no matter how ill-advised those statements may have been), that the Debtor should "do his research" about work done by members of the Felderstein Firm with the undersigned, and that "you're a small fish in a big pond," does not necessarily mean that Counsel claimed, either himself or through his attorneys, to have any influence over the undersigned.  A reasonable reading of the words attributed to Counsel is that he was boasting or bragging about the effectiveness of his newly-obtained legal representation in the matter.  Such a reading is reasonable in light of the fact that the undersigned's "work" with members of the Felderstein Firm in fact amounted to a mere co-appearance by the undersigned with Mr. Felderstein on a legal-education panel.

The Debtor's third ground for disqualification, then, amounts at best to a faint innuendo of impartiality, but nothing more.  There were no facts alleged or statements made that would / / /

1 | lead a reasonable person to conclude that Counsel or his attorney
2 | hold any influence over, or have an improper connection with, the
3 | undersigned.  Given that mere innuendo is insufficient to
4 | overcome the presumption of impartiality, the court finds that
5 | the third ground for disqualification advanced by the Debtor is
6 | insufficient to support disqualification under 28 U.S.C. §
7 | 455(a).

8 | Finally, the Debtor argues that all three grounds advanced,
9 | taken together, create an objective appearance of impartiality
10 | that satisfies § 455(a).  But this court disagrees.  It is true
11 | that the undersigned, like all other bankruptcy judges in this
12 | judicial division, serves on various professional-education
13 | panels with members of various law firms, including the
14 | Felderstein Firm.  It is also the case that the undersigned has,
15 | like at least one other bankruptcy judge previously assigned to
16 | the Debtor's case, made rulings against the Debtor.  But these
17 | are facts so common to the practice of law before federal courts
18 | all over the country that they, even when added to the hazy
19 | innuendo allegedly offered by Counsel, cannot be said to create
20 | an appearance of impropriety in the mind of a reasonable person.

21 | The undersigned is satisfied that he is actually unbiased
22 | towards the parties and attorneys in this matter.  The
23 | undersigned also cannot conclude that the three grounds advanced
24 | by the Debtor, individually or considered together, can be said
25 | to constitute circumstances under which the impartiality of the
26 | undersigned might reasonably be questioned.

27 | / / /
28 | / / /

- 11 -

III. CONCLUSION

For the reasons stated above, the court finds that Debtor has not met his burden under 28 U.S.C. § 455(a) of overcoming the presumption of impartiality and demonstrating that the impartiality of the undersigned might reasonably be questioned. Neither has the Debtor demonstrated grounds under 28 U.S.C. § 455(b) for disqualification.

The court will issue an order consistent with this memorandum.

Dated:   DEC 1 8 2006

_Robert Bardwil_
ROBERT S. BARDWIL
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document on today's date to each of the parties listed below:

Office of the US Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1852

Kevin Healy
1405 G Street
Sacramento, CA 95814

Peter Macaluso
910 Florin Road, #111
Sacramento, CA 95831-5259

Paul Pascuzzi
Felderstein Fitzgerald Willoughby & Pascuzzi
400 Capitol Mall, Suite 1450
Sacramento, CA 95814

DATE: 12/18/06

Deputy Clerk