

*POSTED ON WEBSITE*

*NOT FOR PUBLICATION*

FILED

JAN - 7 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                ) Case No. 04-28375-D-13L
                                      ) Docket Control No. FWP-3
KEVIN HEALY,                          )
                                      )
                                      )
              Debtor.                 )
_____)

### MEMORANDUM DECISION

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

On May 5, 2007, the debtor in this proceeding, Kevin Healy ("Healy")[1] issued a subpoena in this case for the deposition of Peter G. Macaluso ("Macaluso"), former counsel to Healy in this case, and for the production of documents ("the Subpoena").

On May 9, 2007, Macaluso filed a motion to quash the Subpoena, or in the alternative, for a protective order, and for costs ("the Motion"). Healy filed opposition to the Motion on May 29, 2007, Macaluso filed a reply on June 5, 2007, and the parties presented oral argument on June 12, 2007. The court stated its findings of fact and conclusions of law on the record at the June 12, 2007 hearing, and granted the motion to quash the

---

1. Healy himself is a practicing attorney.

Subpoena. The court continued the hearing on that aspect of the Motion in which Macaluso requested an award of his attorney's fees incurred in bringing the Motion. A minute order to that effect was issued on June 19, 2007.

For the reasons set forth below and in the court's findings of fact and conclusions of law stated on the record at the June 12th hearing, the court will grant the Motion and award attorney's fees to Macaluso in the amount of $2,640.

## I. INTRODUCTION

The only matters pending in this bankruptcy case at the time Healy issued the Subpoena were (1) Healy's objection to the final report of the chapter 13 trustee, Lawrence J. Loheit, and in particular, Healy's objection to the payment of attorney's fees to Macaluso on account of his services in the case ("the Objection"), and (2) Macaluso's motion to set that matter for further proceedings following remand from the Ninth Circuit Bankruptcy Appellate Panel, pursuant to LBR 8020-1.[2] In other words, the only matter remaining in the case was the issue of Macaluso's attorney's fees.

On February 9, 2007, the court issued an order fixing deadlines for the filing of supplemental briefs and evidence. On February 20, 2007, Healy filed a motion to extend those deadlines, and on February 27, 2007, the court granted Healy's

---

2. Unless otherwise indicated, all Code, chapter, section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to the effective date (October 17, 2005) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "LBR" refers to the Local Bankruptcy Rules for the Eastern District of California.

motion and issued an amended order extending the deadlines by six weeks each. Pursuant to the February 27 order, Healy was required to file any supplemental objection and evidence by April 20, 2007, and Macaluso was required to file any responsive pleading and evidence by May 4, 2007. A hearing on the merits was set for May 23, 2007.

On May 5, 2007, after both parties' deadlines for the filing of briefs and evidence had passed, Healy issued the Subpoena and caused it to be served on Macaluso.

The procedural history of this case and of the Objection is set forth in greater detail in the court's Memorandum Decision on the Objection, issued herewith in Docket Control No. FWP-1. To the extent they are applicable to the Motion, the court incorporates herein its findings and conclusions set forth in that memorandum.

## II. ANALYSIS

Federal Rule of Civil Procedure 45(c)(1), made applicable in this case by Rule 9016, provides as follows:

> A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

Fed.R.Civ.P. 45(c)(1).

At Healy's request, the court in the February 9, 2007 and February 27, 2007 orders authorized Healy to take certain depositions, including the deposition of Macaluso, on at least 10 days' notice. Implicit in its order is that any deposition must

be taken and completed before Healy's deadline to file his brief and evidence, that being April 20, 2007. Healy at no time sought to further extend that deadline.[3]

The local bankruptcy rule in this district governing motions brought on at least 28 days' notice provides that "[u]nless the Court determines that an evidentiary hearing is necessary, the evidentiary record closes upon expiration of the time for the filing of the reply." LBR 9014-1(f)(1)(iii). In this case, the motion to set procedures, which the court took as a motion for approval of attorney's fees, was brought by Macaluso, and the February 27, 2007 amended order set deadlines for the filing of Healy's objections and evidence and of Macaluso's responsive pleading and evidence. Thus, the evidentiary record closed when Macaluso's deadline passed, or on May 5, 2007.[4]

At that point, Healy had nothing to gain from deposing Macaluso, because his opportunity to submit his brief and evidence had passed. And since the matter of Macaluso's attorney's fees was the only matter pending in the bankruptcy case at that time, Healy could have had no other purpose for taking the deposition. Thus, the proposed deposition was unauthorized and unnecessary, and Healy's issuance of the

---

   3. Healy obviously knew of the need to have court approval for extending the deadline as he had already motioned the court to extend the first deadline.

   4. The court later scheduled and conducted an evidentiary hearing for the purpose of hearing live testimony from Healy and Macaluso, so as to be in a better position to assess their credibility. The hearing was scheduled after the court had quashed the Subpoena, and the scheduling of the hearing did not operate to reopen the evidentiary record for discovery or any other purpose.

- 4 -

Subpoena constituted a breach of his duty to "take reasonable steps to avoid imposing undue burden or expense" on Macaluso.

### III. CONCLUSION

For these reasons, the court concludes that a reasonable attorney's fee is an appropriate sanction, pursuant to Rule 9016 and Fed.R.Civ.P. 45(c)(1). The court has reviewed the declarations of Paul J. Pascuzzi filed May 9, 2007 and June 5, 2007, setting forth the services performed and the time spent in addressing the Subpoena, and concludes that the fees requested, $2,640, are reasonable under the circumstances.

The court will issue an order consistent with this memorandum.

Dated: January 7, 2008

ROBERT S. BARDWIL
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document on today's date to each of the parties listed below:

Office of the US Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1852

Kevin Healy
1405 G Street
Sacramento, CA 95814

Peter Macaluso
910 Florin Road, #111
Sacramento, CA 95831-5259

Paul Pascuzzi
Felderstein Fitzgerald Willoughby & Pascuzzi
400 Capitol Mall, Suite 1450
Sacramento, CA 95814

DATE:   JAN - 7 2008

_____
Deputy Clerk